1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH A. SMITH,

11          Plaintiff,                          No. 2:10-cv-2537 KJN P

12      vs

13   SACRAMENTO SUPERIOR
14   COURT, et al.,

15          Defendants.                         <u>ORDER</u>

16   _____ /

17          Plaintiff is a former prisoner proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

19   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

20   and Local Rule 302.

21          Plaintiff has submitted a declaration that makes the showing required by

22   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          The court is required to screen complaints brought by prisoners seeking relief

24   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

26   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

                                          1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.

2  28 U.S.C. § 1915A(b)(1),(2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

15  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

16  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

17  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

18  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

19  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

20  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

21  as true the allegations of the complaint in question,  id., and construe the pleading in the light

22  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

23        The court cannot discern the nature of plaintiff's allegations.  Plaintiff states the

24  following:

25        Incident 4/08/1999 30 DAY CONVICTION.  For not not serving
      H.I.V. Blood testing within 60 day time restriction by the court

26        order.  I was returned for trouble by court and sheriff deputy, state .

1
2
3
> . . of prison term who . . . falsified parole violation, felony two
> charges by sheriff deputys three . . . magistrate judge during the
> return to jail behind the later court order 8 month late court order
> prior conviction misdemeanor

4 (Compl. at 3.)

5         Plaintiff names the Sacramento Superior Court and "Magistrate Judge" as

6 defendants herein.  To the extent plaintiff seeks relief based on state court judges or magistrate

7 judges issuing orders or judgments, plaintiff's claims fail.  The Supreme Court has held that

8 judges acting within the course and scope of their judicial duties are absolutely immune from

9 liability for damages under § 1983.  <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).  A judge is "subject to

10 liability only when he has acted in the clear absence of all jurisdiction."  <u>Stump v. Sparkman</u>, 435

11 U.S. 349, 356-5 (1978) (internal citation omitted).  A judge's jurisdiction is quite broad.  The

12 two-part test of <u>Stump</u> determines its scope:

13
14
15
> The relevant cases demonstrates that the factors determining
> whether an act by a judge is a 'judicial' one relate to the nature of
> the act itself, i.e., whether it is a function normally performed by a
> judge and to the expectation of the parties, i.e., whether they dealt
> with the judge in his judicial capacity.

16 <u>Id</u>., 435 U.S. at 361.

17         The court finds the allegations in plaintiff's complaint so vague and conclusory

18 that it is unable to determine whether the current action is frivolous or fails to state a claim for

19 relief.  The court has determined that the complaint does not contain a short and plain statement

20 as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a

21 flexible pleading policy, a complaint must give fair notice and state the elements of the claim

22 plainly and succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

23 Plaintiff must allege with at least some degree of particularity overt acts which defendants

24 engaged in that support plaintiffs claim.  <u>Id</u>.  Because plaintiff has failed to comply with the

25 requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

26 however, grant leave to file an amended complaint.

1          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2    conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

3    Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

4    how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

5    unless there is some affirmative link or connection between a defendant's actions and the

6    claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

7    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

8    participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

9    268 (9th Cir. 1982).

10         In addition, plaintiff is hereby informed that the court cannot refer to a prior

11   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

12   an amended complaint be complete in itself without reference to any prior pleading.  This

13   requirement exists because, as a general rule, an amended complaint supersedes the original

14   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

15   complaint, the original pleading no longer serves any function in the case.  Therefore, in an

16   amended complaint, as in an original complaint, each claim and the involvement of each

17   defendant must be sufficiently alleged.

18         In accordance with the above, IT IS HEREBY ORDERED that:

19         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20         2.  Plaintiff's complaint is dismissed.

21         3.  Within thirty days from the date of this order, plaintiff shall complete the

22   attached Notice of Amendment and submit the following documents to the court:

23         a.  The completed Notice of Amendment; and

24         b.  An original and one copy of the Amended Complaint.

25   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

26   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

1   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

2   Failure to file an amended complaint in accordance with this order may result in the dismissal of

3   this action.

4   DATED:  September 27, 2010

5

6

7

8   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

9   smit2537.14

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KENNETH A. SMITH,

11              Plaintiff,                         No. 2:10-cv-2537 KJN P

12        vs

13
      SACRAMENTO SUPERIOR
14    COURT, et al.,

15              Defendants.                        <u>NOTICE OF AMENDMENT</u>

16    _____/

17              Plaintiff hereby submits the following document in compliance with the court's

18    order filed _____:

19                    _____        Amended Complaint

20    DATED:

21

22                                           _____

23                                           Plaintiff

24

25

26