IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                    No. 2:10-cv-2537 KJN P

    vs.

SACRAMENTO SUPERIOR COURT, et al.,

    Defendants.          ORDER

/

        Plaintiff is a former prisoner proceeding without counsel and in forma pauperis with a civil rights complaint brought pursuant to 42 U.S.C. § 1983. On October 5, 2010, plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        On September 28, 2010, plaintiff's complaint was dismissed and plaintiff was granted thirty days in which to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff alleges he was sentenced against his will.  (Dkt. No. 8 at 1.)  Plaintiff claims he wanted to proceed to trial but the judge would not let him.  Plaintiff does not identify the court by name or by case number and fails to name any defendant.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.  Although it appears likely that plaintiff's claims are barred by Heck, plaintiff's claims are too vague for this court to determine whether this action implicates the validity of plaintiff's conviction.  The court will grant plaintiff one more opportunity to file a second amended complaint that more fully develops his civil rights claims.  If plaintiff continues to pursue damages based on an allegedly unconstitutional conviction, he must provide more information and, in order to avoid the Heck bar, must show that the conviction has been invalidated.  If plaintiff wishes to challenge the fact or duration of his conviction, he may only

pursue that challenge through a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Finally, on page two of plaintiff's amended complaint, plaintiff states his "civil rights were violated by the procedure . . . by magistrate judge . . . announcing a blood draw was to be drawn by the county jail medical facility." (Id.) Plaintiff then avers his constitutional rights were violated by "late process," and appears to contend the "testing" was not done on time or may not have been done at all. This claim is too vague to determine whether plaintiff can state a cognizable civil rights claim.

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the second amended complaint must name a defendant and allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v.

3

Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that a second amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: November 4, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

smit2537.14b

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

        Plaintiff,                  No. 2:10-cv-2537 KJN P

    vs

SACRAMENTO SUPERIOR
COURT, et al.,

        Defendants.           <u>NOTICE OF AMENDMENT</u>
_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Second Amended Complaint

DATED:

                                              _____
                                              Plaintiff